

IN THE UNITES STATES DISTRICT COURT FOR THE DISTRICT OF CONNETICUT

LENSENDRO LAGUERRE,

Plaintiff

VS

Case NO: 3:24-cv-01760

ANDREW M. YOUNG [in his capacity as Chief Financial Officer], (1)

CAPITAL ONE FINANCIAL CORPORATION, (2)

BOND DOE [The surety company that issued the bond covering Capital One and/or Andrew M. Young.], (3)

Defendants,

**Amended Complaint**

**I. NATURE OF THE CASE**

1. Plaintiff, Laguerre Lensendro, brings this action against Defendants, Capital One Financial Corporation, Andrew M. Young, Chief Financial Officer of Capital One, and Bond Doe #1 (the surety company for Capital One and Andrew M. Young), under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 et seq., and the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq. Plaintiff seeks redress for Defendants' discriminatory practices that deprived him  access to open-end consumer credit plans based on his income.

2. Plaintiff alleges that Defendants engaged in discrimination by denying him the opportunity to apply for, compare, and obtain open-end consumer credit plans solely due to his income level.

3. Furthermore, by refusing Plaintiff a fair chance to review available credit terms and apply for open-end credit, Defendants violated TILA's requirement for meaningful disclosure.

4. As a direct and foreseeable consequence of Defendants' discriminatory practices and failure to disclose, Plaintiff has suffered identifiable harm, including lost opportunities to access credit and the inability to acquire property as result of Defendants' violations of federal consumer protection laws.

5. Plaintiff seeks statutory damages of a$10,000 under ECOA for Defendants' willful violation, and additional statutory damages under TILA up to $5,000 for failure to disclose accurate credit terms for each items a-i mentioned in line 13. Plaintiff further seeks equitable relief to prevent future discriminatory practices, and any other relief deemed appropriate by this Court.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1691e(b) and 15 U.S.C. § 1640(e), which provide for civil actions in federal courts for violations of the ECOA and TILA.

6.  Venue is proper in this Court because the events giving rise to this claim occurred within the District of Connecticut, where Plaintiff resides, and Defendants conduct business.

## III. PARTIES

7.  Plaintiff Laguerre Lensendro is an individual residing in Fairfield County, Connecticut.

8.  Defendant Capital One Financial Corporation is a national financial institution with principal offices in McLean, Virginia, conducting business throughout Connecticut.

9.  Defendant Andrew M. Young is the Chief Financial Officer of Capital One and is responsible for overseeing the company's financial operations, including adherence to federal consumer protection laws.

10. Defendant Bond Doe #1 is the surety company that issued a bond covering Capital One Financial Corporation and/or Andrew M. Young for their legal and financial obligations.

## IV. FACTUAL ALLEGATIONS

11. On or about August 13, 2024, Plaintiff attempted to apply for a variety of open-end consumer credit plans offered by Capital One by completing an online pre-approval form.

12. Capital One subsequently issued a letter to Plaintiff, dated August 13, 2024, informing him that his application was denied based solely on his income, stating that his "income is insufficient for amount of credit requested."

3

13. The letter lists numerous Capital One open-end consumer credit plans for which Plaintiff
was denied access, including but not limited to:

a.  Capital One® Quicksilver Rewards Credit Card

b.  Savor One Rewards Credit Card

c.  Venture Rewards Credit Card

d.  Venture One Rewards Credit Card

e.  Quicksilver Rewards for Good Credit, Credit Card

f.  Savor One Rewards for Good Credit, Credit Card

g.  Venture One Rewards for Good Credit, Credit Card

h.  Platinum Mastercard® Credit Card

i.  Quicksilver One Rewards Credit Card

14. Defendants' action to deny Plaintiff access to open-end consumer credit plans, based
solely on his income constitutes an adverse action under ECOA, which prohibits
discrimination.

15. By denying Plaintiff the opportunity to apply for, compare, and understand the credit
terms associated with each open-end consumer credit plan, Capital One violated TILA's
requirement for meaningful disclosure of credit options. This deprived Plaintiff of the
ability to make informed decisions regarding his financial choices.

16. The direct consequence of Defendants' refusal to allow Plaintiff access to these open-end
consumer credit plans based on income was the loss of credit opportunities [such as items

a-i of line 13]. Plaintiff's damages stem directly and foreseeably from the adverse action and and lack of meaningful disclosure.

17.  But for Defendants' actions, Plaintiff would have had the opportunity to review, apply for, and benefit from access to the available open end consumer plan.

18. Defendants knew or should have known that their conduct was unlawful under ECOA and TILA. Their decision to deny Plaintiff access to credit solely on income grounds, combined with their failure to disclose essential credit terms, constitutes a willful and knowing disregard for federal law.

## V. LEGAL CLAIMS

## COUNT I - VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT (ECOA)

18. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

19. Defendants' refusal to consider Plaintiff's application on fair terms, solely due to income level, constitutes discrimination in violation of 15 U.S.C. § 1691(a). [see exhibit B]

20. Defendants' actions were the proximate cause of Plaintiff's loss of credit opportunities, directly resulting in economic harm and deprivation of rights.

21. As a result, Plaintiff is entitled to statutory damages of at least $10,000, as well as punitive damages for Defendants' willful and intentional conduct.

## COUNT II - VIOLATION OF THE TRUTH IN LENDING ACT (TILA)

22. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

23. By failing to provide meaningful disclosure of credit terms, Defendants violated 15 U.S.C. § 1631 and 15 U.S.C. § 1601 under TILA. [see exhibit A]

24. Defendants' failure to disclose prevented Plaintiff from making informed financial decisions, constituting proximate causation of Plaintiff's damages, as the lack of access to credit terms directly led to lost opportunities.

25. Plaintiff seeks statutory damages under TILA up to $5,000 and any additional relief deemed appropriate.


## VI. DEMAND FOR RELIEF

26. Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a. Injunctive Relief compelling Defendants to provide Plaintiff access to the listed open-end consumer credit plans in line 13 [items a – i], each with a minimum amount of $5000 or, alternatively, allow Plaintiff to apply for and compare these products without discriminatory treatment [Plaintiff prefers the former].

b. Declaratory Judgment affirming that Defendants' actions violated ECOA and TILA.

c. Maximum Statutory Damages of $10,000 under ECOA and up to $5,000 under TILA for each item in line 13 which amount to $120,000

d.  and any other equitable relief deemed just and proper.

Respectfully presented,
Plaintiff
Laguerre Lensendro
26 Broad st Apt 4
Norwalk CT
06851

11/18/2024

Certificate of Service

I, Laguerre Lensendro, hereby certify that on this 18th day of November 2024, a true and correct
copy of this Amended Complaint" was served upon the following counsel for Defendants by
certified mail, return receipt requested at the following address:

Bennet J. Moskowitz
TROUTMAN PEPPER HAMILTON SANDERS LLP
CT Bar #: 437932
875 Third Avenue
New York, New York 10022

Laguerre Lensendro
26 Broad St, Apt 4
Norwalk, CT
06851

3:24-CV-01760

11/18/24

**Exhibit A**

*Supporting Analysis for Count I: Violation of the Equal Credit Opportunity Act (ECOA) (15 U.S.C. § 1691 et seq.)*

## 15 U.S.C. § 1691(a): Prohibition Against Discrimination

*"It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—*

*(1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);*

*(2) because all or part of the applicant's income derives from any public assistance program; or*

*(3) because the applicant has in good faith exercised any right under the Consumer Credit Protection Act."*

ECOA prohibits discrimination based on an applicant's source or amount of income, especially if part of that income derives from public assistance. Here, Capital One's refusal to allow me access to open-end consumer credit plans solely because of my income level is discriminatory under ECOA, as it restricts my access to credit without due consideration for my capacity. ECOA's purpose is to ensure that credit decisions are not influenced by discriminatory practices. By denying my application based on income, Capital One has disregarded this protection and unlawfully limited my ability to engage in a credit transaction.

## 15 U.S.C. § 1691(d): Requirement of Statement of Reasons for Adverse Action

*"(1) Within thirty days (or such longer reasonable time as specified in regulations of the Bureau for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application.*

*(2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—*

*(A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or*

*(B) giving written notification of adverse action which discloses the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification."*

Capital One's letter to me on August 13, 2024, constitutes an "adverse action" under ECOA, as it is a denial of my application for credit based solely on my income. Although Capital One did notify me that my application was denied [for each item in lines 13 of the amended complaint], they failed to provide a legally sufficient statement of reasons beyond the vague mention of "income is insufficient for amount of credit requested." This reasoning does not fulfill ECOA's requirements for transparency and specificity. The ECOA mandates that creditors provide applicants with a comprehensive and factual basis for any denial to allow applicants to understand and, if necessary, contest the decision. By giving only, a general reference to my income, Capital One has not complied with the specific notification and transparency requirements of 15 U.S.C. § 1691(d).

*15 U.S.C. § 1691e: Civil Liability for Discrimination*

*"(a) Individual or class action for actual damages*

*Any creditor who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for any actual damages sustained by such applicant acting either in an individual capacity or as a member of a class.*

*(b) Recovery of punitive damages*

*Any creditor, other than a government or governmental subdivision or agency, who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for punitive damages in an amount not greater than $10,000, in addition to any actual damages provided in subsection (a); except that in the case of a class action the total recovery ... shall not exceed the lesser of $500,000 or 1 per centum of the net worth of the creditor."*

Capital One's failure to comply with the non-discrimination and disclosure requirements of ECOA renders them civilly liable for both actual and punitive damages. As detailed above, the ECOA explicitly prohibits discrimination based on income and requires that reasons for adverse actions be disclosed with specificity. Capital One's adverse action, based solely on my income, deprived me of the chance to access open-ended consumer credit plans. Given the statutory provisions, I am entitled to at least $10,000 in punitive damages, as well as any other damages that may be awarded for Capital One's willful non-compliance with ECOA's protections. The law is clear: creditors who engage in discriminatory practices must face punitive consequences to discourage future non-compliance.

3

**Exhibit B**

*Supporting Analysis for Count II: Violation of the Truth in Lending Act (TILA) (15 U.S.C. § §*

*1601, & 1631)*

15 U.S.C. § 1601(a): Congressional Findings and Declaration of Purpose

*"The Congress finds that economic stabilization would be enhanced and the competition among*

*the various financial institutions and other firms engaged in the extension of consumer credit*

*would be strengthened by the informed use of credit. The informed use of credit results from an*

*awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a*

*meaningful disclosure of credit terms so that the consumer will be able to compare more readily*

*the various credit terms available to him and avoid the uninformed use of credit, and to protect*

*the consumer against inaccurate and unfair credit billing and credit card practices."*

This section establishes TILA's purpose: to protect consumers by ensuring they receive

"meaningful disclosure" of credit terms, which allows them to make informed financial

decisions. By withholding information regarding credit terms, Capital One failed to provide the

transparency that TILA mandates. When I attempted to apply for open-end consumer credit

plans, Capital One did not disclose the terms and conditions of these credit products, thus

depriving me of the chance to make an informed decision. TILA requires creditors to offer clear,

accurate, and accessible information about credit options, and Capital One's denial without

sufficient explanation directly contradicts this purpose, as I was unable to evaluate or compare

the credit terms of various plans.

**15 U.S.C. § 1631(a): Duty of Creditor or Lessor Respecting One or More Than One Obligor**

*"Subject to subsection (b), a creditor or lessor shall disclose to the person who is obligated on a consumer lease or a consumer credit transaction the information required under this subchapter. In a transaction involving more than one obligor, a creditor or lessor, except in a transaction under section 1635 of this title, need not disclose to more than one of such obligors if the obligor given disclosure is a primary obligor."*

Creditors are required to disclose critical information regarding consumer credit transactions directly to the individual obligated on the transaction. In this case, as the sole applicant for credit, I, the Plaintiff, am the obligated individual. Capital One, therefore, was mandated to disclose all relevant information about the open-end consumer credit plans mention in line 13 of the amended complaint. Their failure to provide such information because of my income level is a direct violation of this section. TILA's intent is to ensure transparency, and by withholding the credit terms based on an arbitrary criterion like income, Capital One obstructed my right to informed financial decision-making.

**15 U.S.C. § 1631(b): Creditor or Lessor Required to Make Disclosure**

*"If a transaction involves one creditor as defined in section 1602(f) of this title, or one lessor as defined in section 1667(3) of this title, such creditor or lessor shall make the disclosures. If a transaction involves more than one creditor or lessor, only one creditor or lessor shall be required to make the disclosures. The Bureau shall by regulation specify which creditor or lessor shall make the disclosures."*

When only one creditor is involved, that creditor is exclusively responsible for making the necessary disclosures to the consumer. Capital One was the sole creditor in this transaction, thereby carrying the sole responsibility to disclose the open-end consumer credit terms. However, by denying me access to these disclosures solely based on my income, Capital One violated its statutory duty. This failure not only deprived me of essential information required to assess and compare credit options but also directly contradicted the transparency and disclosure goals that TILA seeks to uphold.

**15 U.S.C. § 1631(c): Estimates as Satisfying Statutory Requirements; Basis of Disclosure for Per Diem Interest**

*"The Bureau may provide by regulation that any portion of the information required to be disclosed by this subchapter may be given in the form of estimates where the provider of such information is not in a position to know exact information. In the case of any consumer credit transaction a portion of the interest on which is determined on a per diem basis and is to be collected upon the consummation of such transaction, any disclosure with respect to such portion of interest shall be deemed to be accurate for purposes of this subchapter if the disclosure is based on information actually known to the creditor at the time that the disclosure documents are being prepared for the consummation of the transaction."*

Creditors have flexibility to use estimates in cases where exact figures are not readily available, such as per diem interest calculations. However, this allowance does not apply to Capital One's situation, as the credit terms for each open-end consumer credit plan I sought were fixed and known at the time of my application. The issue at hand is not one of estimating unknown values

but rather a deliberate refusal to disclose established terms based on my income level. Thus, Capital One cannot claim compliance with § 1631(c) as an excuse for their non-disclosure; they had the precise terms available but chose not to disclose them, which directly contravenes TILA's disclosure requirement.

**15 U.S.C. § 1631(d): Tolerances for Numerical Disclosures**

*"The Bureau shall determine whether tolerances for numerical disclosures other than the annual percentage rate are necessary to facilitate compliance with this subchapter, and if it determines that such tolerances are necessary to facilitate compliance, it shall by regulation permit disclosures within such tolerances. The Bureau shall exercise its authority to permit tolerances for numerical disclosures other than the annual percentage rate so that such tolerances are narrow enough to prevent such tolerances from resulting in misleading disclosures or disclosures that circumvent the purposes of this subchapter."*

Limited tolerance is granted for minor numerical inaccuracies in disclosures to aid compliance. However, it applies only to minor variations in numerical data, such as minor deviations from exact percentages. Capital One's action was not a minor deviation in numerical disclosure; it was a complete refusal to provide any relevant credit terms for the open-end consumer credit plans available. This refusal was based solely on my income level, which is prohibited under TILA. The lack of disclosure due to adverse action based on income cannot be excused as a permissible tolerance, as it entirely undermines the transparency and fairness that TILA is designed to ensure.

4

"Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part … with respect to any person is liable to such person in an amount equal to the sum of— (1) any actual damage sustained by such person as a result of the failure; (2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, (ii) in the case of an individual action relating to an open end consumer credit plan which is not secured by real property or a dwelling, not less than $500 or greater than $5,000, or such higher amount as may be appropriate in the case of an established pattern or practice of such failures."

Under TILA's civil liability provision, Capital One's failure to provide the required disclosures makes them liable for damages. TILA stipulates that in cases where open-end consumer credit plans are involved, as in my case, damages can range between $500 and $5,000, depending on the severity of the violation and any established pattern of non-compliance. The lack of disclosure prevented me from making informed financial decisions, resulting in identifiable harm, including the lost opportunity to assess and apply for credit plans on fair terms. Consequently, I am entitled to statutory damages for Capital One's non-compliance with TILA's disclosure requirements.

Exhibit C    11/18/2024



P.O. Box 31290
Salt Lake City, UT 84130-0290

August 13, 2024

ılıılljlljlljllrllrrllrllrrlrlljllrırlrlllrrrıllrlılrlrlrl

Lensendro Laguerre        000026823
26 Broad St               K107
Apt 4
Norwalk, CT 06851

Request ID: ec0d5ade261646f69598502e92400ef3
Creditor: Capital One N.A.

Dear Lensendro Laguerre,

We're writing in response to your online request for pre-approval, submitted on August 13, 2024.

Unfortunately, we can't pre-approve you for a Capital One® Quicksilver Rewards credit card, SavorOne Rewards credit card, Venture Rewards credit card, VentureOne Rewards credit card, Quicksilver Rewards for Good Credit credit card, SavorOne Rewards for Good Credit credit card, VentureOne Rewards for Good Credit credit card, Platinum Mastercard® credit card, QuicksilverOne Rewards credit card, Quicksilver Secured Rewards credit card, or Platinum Secured credit card at this time. Rest assured, the form you filled out online was **not a credit card application** and **your credit score was not affected**.

Here are the reasons why we couldn't match you with an offer:

· Based on your Pre-Approval form information, income is insufficient for amount of credit requested

We know this isn't the answer you were hoping for, but we hope there is an opportunity to provide you with new products and services in the future.

Sincerely,

Capital One®

**SEE REVERSE FOR IMPORTANT INFORMATION AND DISCLOSURES.**

© 2024 Capital One. Capital One is a federally registered service mark.

## EQUAL CREDIT OPPORTUNITY ACT

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Bureau of Consumer Financial Protection, 1700 G Street NW., Washington DC 20552.

CDLR153D 6056 3503 204 07 20240813 PG 1 OF 1
52284607.1      0-0
00026823



© 2024 Capital One. Capital One is a federally registered service mark.

Card_LtrCD0126/MAIL:AP/CD003745/P:null/O:N/EC:N/EM:000PG- 2/QA-1