**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|   |   |
|---|---|
| LENSENDRO LAGUERRE., <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE FINANCIAL CORPORATION AND ANDREW M. YOUNG. et. al., <br><br> Defendants. |   |

**MEMORANDUM OF LAW OF DEFENDANTS**
**CAPITAL ONE FINANCIAL CORPORATION AND ANDREW M. YOUNG**
**IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**
**OF PLAINTIFF LENSENDRO LAGUERRE**

**TROUTMAN PEPPER LOCKE LLP**
Bennet J. Moskowitz
CT Bar #: 437932
875 Third Avenue
New York, NY  10022
Telephone: (212) 704-6087
bennet.moskowitz@troutman.com

*Attorneys for Defendants Capital One Financial Corporation and Andrew M. Young*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................. 4

    I.      The Standard of Review for Motions Filed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. .................................................................... 4

    II.     The Amended Complaint Fails to State a Plausible Claim for Relief Under ECOA (Count I). .............................................................................................. 6

    III.    The Amended Complaint Fails to State a Plausible Claim for Relief For Violation of TILA (Count II). ................................................................................ 8

CONCLUSION ............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aiken v. Nixon*,
  236 F. Supp. 2d 211 (N.D.N.Y. 2002) *aff'd*, 80 F. App'x 146 (2d Cir. 2003) ..........................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................................................4, 5, 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................5, 6

*Bell v. Jendell*,
  980 F. Supp. 2d 555 (S.D.N.Y. 2013) ..........................................................................................1

*Burrell v. State Farm Fire & Cas. Co.*,
  No. 00 Civ. 5733, 2001 WL 797461 (S.D.N.Y. July 12, 2001) ...................................................8

*Caidor v. Onondaga County*,
  517 F.3d 601 (2d Cir. 2008) .........................................................................................................1

*Dabydeen v. Wells Fargo Bank, N.A.*,
  2018 WL 3212421 (E.D.N.Y. June 29, 2018) .............................................................................8

*Dolan v. Fairbanks Capital Corp.*,
  930 F. Supp. 2d 396 (E.D.N.Y. 2013) .........................................................................................8

*Furlong v. Long Island Coll. Hosp.*,
  710 F.2d 922 (2d Cir. 1983) .........................................................................................................5

*Horsburgh v Bank of Am., N.A.*,
  21-CV-07945 (NSR), 2023 WL 2648394 (S.D.N.Y. Mar. 27, 2023) ........................................7

*Intellectual Capital Partner v. Institutional Credit Partners LLC*,
  No. 08-cv-10580, 2009 U.S. Dist. LEXIS 58768 (S.D.N.Y. July 8, 2009) ...............................5

*Kramer v. Time Warner Inc.*,
  937 F.2d 767 (2d Cir.1991) .........................................................................................................1

*Midouin v. Downey Sav. & Loan Ass'n, F.A.*,
  834 F. Supp. 2d 95 (E.D.N.Y. 2011) ..........................................................................................9

*Moore v Capital One*,
  3:23-CV-2607-N-BN, 2024 WL 3166078 ..................................................................................4

*Naples v. Stefanelli*,
    972 F. Supp. 2d 373 (E.D.N.Y. 2013) ...................................................................................4

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67 (2d Cir.1998).....................................................................................................1

*Shih v Bankers Healthcare Group, LLC*,
    5:24-CV-0850 (DNH/ML), 2024 WL 4608158 (N.D.N.Y. Oct. 29, 2024)............................7

*Sifuentes v Capital One*,
    2:22-CV-00190-JCB, 2023 WL 3284991 (D. Utah May 4, 2023) .......................................6

*Smith v. Local 819 I.B.T. Pension Plan*,
    291 F.3d 236 (2d Cir. 2002).............................................................................................4, 5

*Thompson v. Glob. Contact Servs., LLC*,
    No. 20-CV-651, 2021 WL 3425378 (E.D.N.Y. Aug. 4, 2021)..............................................1

*Tunne v Discover Fin. Services, Inc.*,
    22-CV-5288 (VF), 2024 WL 2960564 (S.D.N.Y. May 13, 2024) .....................................6, 7

*Tunne v Disocver Fin. Services, Inc.*,
    22-CV-5288, 2024 WL 2959285 (S.D.N.Y. June 10, 2024) .................................................6

*Van Slyke v Capital One Financial Corporation et al.*,
    2007 WL 2385108, ** 2, 8 (N.D. Cal Aug. 17, 2007) ......................................................1, 3

**Statutes**

15 U.S.C. § 1631...............................................................................................................................9

15 U.S. C. §1640(e) .........................................................................................................................2

15 U.S.C. § 1691(a)(1)-(2)...............................................................................................................6

15 U.S.C. § 1691a(b) .......................................................................................................................6

15 U.S.C. § 1691a(e)........................................................................................................................7

15 U.S.C. § 1691e(b) .......................................................................................................................2

ECOA................................................................................................................................2, 3, 6, 7, 8

Equal Credit Opportunity Act, 15 U.S.C. 1691 et seq.....................................................................3

TILA .................................................................................................................................................8

Truth in Lending Act, 15 U.S.C. § 1601 et seq. ..............................................................................3

iv

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) .................................................................1, 4, 5, 6, 8

Rule 8 ..............................................................................................................................................1

Rules 8 and 12(b)(6) .......................................................................................................................8

Ultimately, *and although Defendants do not deem service effective* ..............................................2

Defendant Capital One Financial Corporation ("Capital One Financial") and Defendant Andrew M. Young ("Young") (collectively "Defendants"), by and through Defendants' legal counsel, Troutman Pepper Locke LLP, hereby submits this Memorandum of Law in support of Defendants' Motion to Dismiss (the "Motion Dismiss") the Amended Complaint (the "Amended Complaint") [Doc. 15], as filed by Plaintiff Lensendro Laguerre ("Plaintiff") on November 20, 2024, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").  For the reasons set forth herein, the Court should grant the Motion to Dismiss and dismiss the Amended Complaint, in its entirety and with prejudice as against Defendants, and further award Defendants such other relief as the Court deems just and proper.

## PRELIMINARY STATEMENT[1]

Defendants move to dismiss the Amended Complaint for failure to state a plausible claim against them.  At bottom, Plaintiff's complaint names entirely improper parties and further fails to allege any underlying facts, in compliance with Rule 8, which would permit this action to move forward into discovery and survive dismissal under Rule 12(b)(6).[2]

---

[1] For the purposes of this Motion to Dismiss only, Defendants reference and cite to the allegations in the Amended Complaint as required by Rule 12(b)(6) of the FRCP.  However, Defendants do not accept the allegations in the Amended Complaint which are conclusory, speculative, collectivized, and/or are not supported by well-pleaded facts, and/or which are contradicted by the documentary record, or the documents referenced in or attached to the Amended Complaint.

In deciding this Motion to Dismiss, the Court may consider all such publicly available documents.  *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir.1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6).")); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir.1991) (district court may examine public disclosure documents on 12(b)(6) motion; *Thompson v. Glob. Contact Servs., LLC*, No. 20-CV-651, 2021 WL 3425378, at *5 (E.D.N.Y. Aug. 4, 2021) (recognizing that court filings and public records are routinely considered on motions to dismiss).

[2] Notwithstanding a standard of review comparatively more lenient and favorable to *pro se* litigants, such treatment "does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and citation omitted)).

By way of background, this action commenced with Plaintiff filing a Small Claims Writ and Notice of Suit in the Superior Court for the Judicial District of Stamford-Norwalk in the State of Connecticut on October 15, 2024 (the "Complaint"). *See* Doc. 1-1. Plaintiff also filed with the Superior Court a purported certificate of service including images of two U.S. Postal Service Certified Mail Receipts. *Id*. The first mail receipt was addressed to both of the Defendants and mailed by Plaintiff to 1680 Capital One Drive, McLean, VA 22102 and is dated "8/32." *Id*. For reasons unknown to Defendants, the second receipt was addressed to a non-party, "Stephanie Thomas" and mailed by Plaintiff to a Harford, CT address with a date of delivery reflecting "8-28." *Id*. Ultimately, *and although Defendants do not deem service effective*, the Defendants became aware of the Complaint on October 24, 2024 and removed this action to this U.S. District Court on November 5, 2024 on the basis of federal question jurisdiction. *See* Doc. 1. Thereafter, on November 20, 2024, Plaintiff filed the Amended Complaint. *See* Doc. 15.

The Amended Complaint avers that "This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1691e(b) and 15 U.S. C. §1640(e), which provide for civil actions in federal courts for violations of the ECOA and TILA." *See* Doc. 15 at ¶ 5. Specifically, the Amended Complaint alleges that on August 13, 2024, Plaintiff "*attempted to apply*" for "a variety of open-end consumer credit plans offered by Capital One [Financial] by completing an online *pre-approval form*." *Id*. at ¶ 12 (emphasis added). Plaintiff further alleges that he "was denied access" to nine different products allegedly offered by Capital One Financial, including: (a) Capital One® Quicksilver Rewards Credit Card, (b) Savor One Rewards Credit Card, (c) Venture Rewards Credit Card, (d) Venture One Rewards Credit Card, (e) Quicksilver Rewards for Good Credit, Credit Card, (f) Savor One Rewards for Good Credit, Credit Card, (g) Venture One Rewards for Good Credit, Credit Card, (h) Platinum Mastercard® Credit Card, and (i) Quicksilver One Rewards Credit Card.

2

*Id*. at ¶ 13.  Plaintiff further alleges that "Defendants' action to deny Plaintiff access to open-end consumer credit plans, based solely on his income constitutes an adverse action under ECOA, which prohibits discrimination."  *Id*. at ¶ 14.  Further, the Amended Complaint asserts that "[b]y *denying Plaintiff the opportunity to apply for*, compare, and understand the credit terms associated with each open-end consumer credit plan, Capital One violated TILA's requirement for meaningful disclosure of credit options [and that this]… deprived Plaintiff of the ability to make informed decisions regarding his financial choices."  *Id*. at ¶ 15 (emphasis added).

With respect to causes of action, the Amended Complaint asserts two claims: violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. 1691 et seq. (Count I) and violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. (Count II).  However, both claims fail as a matter of law for a myriad of reasons.

Pertinently, with respect to the ECOA claim, the Amended Complaint *does not* allege Plaintiff is a member of a protected class and pleads absolutely no facts as to how he was treated differently from those outside of the protected class.  Nor does Plaintiff allege he was qualified for the credit which he sought.  These pleading deficiencies are fatal to Count I.

With respect to the TILA claim, the Amended Complaint fails to plead the existence of any loan or credit transaction with Defendants which is fundamental to a TILA claim.  This pleading deficiency thus eviscerates Count II.

There are also further problematic issues in the Amended Complaint that necessitate its dismissal as Plaintiff has not named proper parties.  First, it is a matter of public record that Capital One Financial is merely a holding company and does not issue credit to consumers.  *See* e.g., *Van Slyke v Capital One Financial Corporation et al.*, 2007 WL 2385108, ** 2, 8 (N.D. Cal Aug. 17, 2007) (dismissing TILA claim against Capital One Financial on summary judgment because

3

Capital One Financial only acts a holding company that owns subsidiaries and does not issue credit to consumers). Further, aside from naming Young as a party, the Amended Complaint is utterly silent concerning Young's alleged involvement with Plaintiff.[3] Thus, for these additional reasons, the Amended Complaint should be dismissed.

For these foregoing reasons and those further set forth herein, Defendants respectfully request that the Amended Complaint be dismissed, in its entirety and with prejudice as against Defendants, and that Defendants be awarded all other such relief that the Court deems just and proper.

## LEGAL ARGUMENT

### I. The Standard of Review for Motions Filed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The purpose of Rule 12(b)(6) is to streamline litigation by dispensing with needless discovery and factfinding where the plaintiff has failed to state a claim under the law. *See Naples v. Stefanelli*, 972 F. Supp. 2d 373, 385 (E.D.N.Y. 2013) (Seybert, U.S.D.C.J.). Here, under Rule 12(b)(6) scrutiny, even if the Amended Complaint's factual allegations are accepted as true for the purposes of a motion to dismiss, none of Plaintiff's causes of action state a plausible legal claim for which relief could be granted.

On a motion to dismiss under Rule 12(b)(6) of the FRCP, a court must first assume the truth of the factual allegations of the complaint and make all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002). Second, "the court [must] determine[] whether the well-pleaded factual

---

[3] The Court should further dismiss Young from this action for the lack of personal jurisdiction. *See Moore v Capital One*, 3:23-CV-2607-N-BN, 2024 WL 3166078, at *2 (N.D. Tex May 23, 2024], report and recommendation adopted, 3:23-CV-2607-N, 2024 WL 3172723 (N.D. Tex. June 24, 2024) (dismissing *pro se* complaint against Young for lack of personal jurisdiction).

4

allegations...plausibly give rise to an entitlement to relief." *Intellectual Capital Partner v. Institutional Credit Partners LLC*, No. 08-cv-10580, 2009 U.S. Dist. LEXIS 58768, at *8 (S.D.N.Y. July 8, 2009) (citing *Iqbal*, 556 U.S. at 679) (internal quotations and citations omitted). As the Supreme Court explained,

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ...a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level...

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). In meeting the "plausibility standard," plaintiffs must demonstrate "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). Furthermore, it has long been the case that a court will "not permit conclusory statements to substitute for minimally sufficient factual allegations." *Furlong v. Long Island Coll. Hosp.*, 710 F.2d 922, 927 (2d Cir. 1983); *see also Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (stating that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (internal citations and quotations omitted); *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Aiken v. Nixon*, 236 F. Supp. 2d 211, 221 (N.D.N.Y. 2002) (stating that "a plaintiff cannot...defeat a motion to dismiss with conclusory allegations, unwarranted speculation, unsupported deductions, or legal arguments cast as factual pleadings") *aff'd*, 80 F. App'x 146 (2d Cir. 2003).

For the reasons set forth herein, the Amended Complaint cannot withstand a motion to

5

dismiss under the standards set forth in *Twombly* and *Iqbal* and should be dismissed with prejudice under Rule 12(b)(6).

## II. The Amended Complaint Fails to State a Plausible Claim for Relief Under ECOA (Count I).

Plaintiff's cause of action for Violation of ECOA (Count I) fails as a matter of law on the face of the pleading for several reasons, including but not limited to the Amended Complaint's inability to factually allege that Defendants are creditors within the meaning of ECOA.

In enacting the ECOA, Congress meant to protect applicants for credit from discrimination on the basis of protected classes. *See Tunne v Discover Fin. Services, Inc.*, 22-CV-5288 (JGLC) (VF), 2024 WL 2960564, at *6 (S.D.N.Y. May 13, 2024), report and recommendation adopted sub nom. *Tunne v Disocver Fin. Services, Inc.*, 22-CV-5288 (JGLC), 2024 WL 2959285 (S.D.N.Y. June 10, 2024) citing 15 U.S.C. § 1691(a)(1)-(2) (stating that creditors are prohibited from discriminating against any credit "applicant" on the basis of race, color, religion, national origin, sex or marital status, age or because all or part of the applicant's income derives from any public assistance program). ECOA defines an "applicant" as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b); *Sifuentes v Capital One*, 2:22-CV-00190-JCB, 2023 WL 3284991, at *4 (D. Utah May 4, 2023), motion for relief from judgment denied, 2:22-CV-00190-JCB, 2023 WL 4052733 (D. Utah June 16, 2023), and affd, 23-4088, 2023 WL 6060382 (10th Cir. Sept. 18, 2023), reconsideration denied, 2:22-CV-00190-JCB, 2023 WL 6849278 (D. Utah Oct. 17, 2023), and affd, 23-4088, 2023 WL 6060382 (10th Cir Sept. 18, 2023) (dismissing *pro se* complaint and holding that a plaintiff's submission of information for a "pre-approval" of a Capital One credit card product does not constitute an "application" under the statutory framework of ECOA).

Further, under ECOA, a "creditor" is "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit ...." 15 U.S.C. § 1691a(e).

Thus, to state an ECOA claim, a plaintiff must allege each of the following necessary elements: (1) plaintiff was a member of a protected class, (2) plaintiff was an applicant and qualified for the credit sought, (3) the creditor declined the credit to plaintiff, and (4) the creditor showed a preference for a non-protected individual over the plaintiff. *See Horsburgh v Bank of Am., N.A.*, 21-CV-07945 (NSR), 2023 WL 2648394, at *9 (S.D.N.Y. Mar. 27, 2023); *see also Shih v Bankers Healthcare Group, LLC*, 5:24-CV-0850 (DNH/ML), 2024 WL 4608158, at *3 (N.D.N.Y. Oct. 29, 2024), report and recommendation adopted, 5:24-CV-850, 2024 WL 4838115 (N.D.N.Y. Nov. 20, 2024).

Here, Plaintiff's Amended Complaint, which is sparsely pleaded, fails to plausibly state a claim against Defendants on numerous incurable grounds.

***First***, Plaintiff fails to allege he is a member of protected class. *See* Doc. 15 *generally*. Denying an application on the basis of low income in itself is not discrimination under ECOA. *Tunne v Discover Fin. Services, Inc.*, 2024 WL 2960564, at *6.

***Second***, Plaintiff does not allege that he was an "applicant" and that he submitted an "application" for credit, but rather the Amended Complaint only asserts that he "attempted to apply" and completed an "online pre-approval form," but Defendants "den[ied] Plaintiff the opportunity to apply." *See* Doc. 15 at ¶¶ 11, 15.  These allegations are insufficient for a viable ECOA claim.

***Third***, Plaintiff fails to factually allege that either Capital One Financial or Young are creditors within the meaning of ECOA. *Id.*, *generally*.  Moreover, with respect to Young, Plaintiff

7

only alleges that he is the "Chief Financial Officer" of Capital One Financial and alleges no other involvement in Plaintiff's pre-approval inquiries. *Id*. at ¶ 9.

*Fourth*, Plaintiff fails to plead any facts that he was qualified for the credit sought. *Id., generally*.

*Fifth*, Plaintiff fails to plead facts that the Defendants showed preferences for someone outside of Plaintiff's protected class. *Id*.

Plaintiff's mere barebones legal conclusions are insufficient as a matter of law for an ECOA claim to survive dismissal under Rule 12(b)(6). *Burrell v. State Farm Fire & Cas. Co.*, No. 00 Civ. 5733, 2001 WL 797461, at *11 (S.D.N.Y. July 12, 2001) (where complaint did "not allege the facts supporting the plaintiffs' conclusory statement of discrimination" under ECOA). Accordingly, the cause of action cannot meet Rules 8 and 12(b)(6) scrutiny.

For these foregoing reasons, the Court should dismiss Count I in its entirety and with prejudice.

### III.     The Amended Complaint Fails to State a Plausible Claim for Relief For Violation of TILA (Count II).

Plaintiffs' cause of action for Violation of TILA (Count II) fails as a matter of law on the face of the pleadings because Plaintiff *does not* and *cannot* allege he received any lending from either of the Defendants.

TILA requires lenders to make certain disclosures to borrowers and gives borrowers a civil cause of action against creditors who violate these disclosures. *See Dolan v. Fairbanks Capital Corp.*, 930 F. Supp. 2d 396, 418 (E.D.N.Y. 2013). TILA was enacted to ensure that lenders "provide borrowers clear, conspicuous, and accurate disclosures *of the loan terms* and other material information." *Dabydeen v. Wells Fargo Bank, N.A.*, 2018 WL 3212421, at *4 (E.D.N.Y.

June 29, 2018) quoting *Midouin v. Downey Sav. & Loan Ass'n, F.A.*, 834 F. Supp. 2d 95, 102 (E.D.N.Y. 2011) (emphasis added); *see also* 15 U.S.C. § 1631.

Here, the Amended Complaint fails to allege the existence of a loan, or any other consumer credit transaction made by either of the Defendants to Plaintiff. *See* Doc. 15, *generally*. Indeed, to the contrary, Plaintiff alleges that Defendants *did not* offer any such credit. *Id*. Further, as discussed in Point II *above*, the Amended Complaint further fails to allege either of the Defendants are creditors. As such, Plaintiff's TILA claim is not plausible and must be dismissed.

For these foregoing reasons, the Court should dismiss Count II in its entirety and with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion to Dismiss and dismiss the Amended Complaint, in its entirety and with prejudice as against Defendants, and further award Defendants such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 3, 2025  By: */s/ Bennet J. Moskowitz*
New York, New York  Bennet J. Moskowitz
 TROUTMAN PEPPER LOCKE LLP
 CT Bar #: 437932
 875 Third Avenue
 New York, New York 10022
 Telephone: (212) 704-6087

 *Attorneys for Defendants Capital One Financial Corporation and Andrew M. Young*

9