## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LENSENDRO LAGUERRE., <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE FINANCIAL CORPORATION AND ANDREW M. YOUNG. et. al., <br><br> Defendants. | Case No. 3:24-cv-01760 |

### DEFENDANTS CAPITAL ONE FINANCIAL CORPORATION AND ANDREW M. YOUNG'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**TROUTMAN PEPPER LOCKE LLP**
Bennet J. Moskowitz
(CT Bar # 437932)
Stephen J. Steinlight, Esq.
(Pro Hac Vice Application Pending)
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Stephen.Steinlight@Troutman.com

*Attorneys for Defendant Capital One Financial Corporation and Andrew M. Young*

**TABLE OF CONTENTS**

LEGAL ARGUMENT ........................................................................................................... 1

I.      PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FAILS TO ADDRESS THE INCURABLE PLEADING DEFICIENCIES IN THE AMENDED COMPLAINT. ............................................................................................ 1

      A.      The Opposition Fails to Address the Pleading Deficiencies of Plaintiff's ECOA Claim. .................................................................................................... 1

      B.      The Opposition Fails to Address the Pleading Deficiencies of Plaintiff's TILA Claim. .................................................................................................... 4

CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*First Fid. Bank, N.A., New Jersey v Best Petroleum, Inc.*,
  757 F Supp 293 (S.D.N.Y. 1991) ...............................................................................3

*Gaddy v JP Morgan Chase Bank*,
  1:23-CV-00660-JPB, 2023 WL 7459268 (N.D. Ga. May 22, 2023)........................2

*Gaddy v JPMorgan Chase Bank*,
  1:23-CV-00660-JPB-RGV, 2023 WL 4048448 (N.D. Ga. May 1, 2023) ................2

*Gorham-DiMaggio v. Countrywide Home Loans, Inc.*
  592 F. Supp. 2d 283 (N.D.N.Y. 2008), *aff'd*, 421 Fed. Appx. 97 (2d Cir. 2011).......2

*Lundahl v Gross*,
  5:18-CV-05090-LLP, 2020 WL 927650 (D.S.D. Feb. 26, 2020), *aff'd*, 857
  Fed Appx 883 (8th Cir 2021)....................................................................................2

*Sifuentes v Capital One*,
  2:22-CV-00190-JCB, 2023 WL 3284991 (D. Utah May 4, 2023) ...........................3

*United States v. McCray*,
  7 F.4th 40 (2d Cir. 2021) ..........................................................................................4

**Statutes, Rules and Other Authorities**

15 U.S.C. § 1691(a)(3)..............................................................................................2, 3

ECOA, 15 U.S.C. § 1691(a)(1)..........................................................................1, 2, 3, 4

12 C.F.R. § 1026.60(a)......................................................................................................4

12 CFR § 1026.51 ............................................................................................................4

12 CFR §1026.62..............................................................................................................4

Federal Rules of Civil Procedure Rule 12(b)(6) ....................................................1, 2, 5

Defendant Capital One Financial Corporation ("Capital One Financial") and Defendant Andrew M. Young ("Young") (collectively "Defendants"), by and through Defendants' legal counsel, Troutman Pepper Locke LLP, respectfully submits this Reply Memorandum of Law in further support of Defendants' Motion to Dismiss the Amended Complaint (the "Motion") [Doc. 18] of Plaintiff Lensendro Laguerre ("Plaintiff"). For the reasons set forth in Defendants' initial moving submission and those further set forth herein, the Court should grant Defendants' Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and dismiss Plaintiff's Amended Complaint, in its entirety and with prejudice, and award Defendants its legal fees and costs and such other relief as the Court deems just and proper.

## LEGAL ARGUMENT

**I.     Plaintiff's Opposition to the Motion to Dismiss Fails to Address the Incurable Pleading Deficiencies in the Amended Complaint.**

On January 21, 2025, Plaintiff filed an Opposition to Defendants' Motion to Dismiss (the "Opposition") [Doc. 23]; however, Plaintiff's submission fails to address the many incurable pleading deficiencies in the Amended Complaint as addressed in Defendants' Motion. [Doc. 18, *generally*]. Accordingly, the Court should dismiss the Amended Complaint pursuant to Rule 12(b)(6).

**A.     The Opposition Fails to Address the Pleading Deficiencies of Plaintiff's ECOA Claim.**

In the Amended Complaint, Plaintiff alleges that he "attempted to apply" for "credit" from Capital One by "completing an online pre-approval form," but was denied pre-approval "solely on [the basis of] his income," implying that Capital One Financial violated ECOA, 15 U.S.C. § 1691(a)(1). *See* Doc. 15, ¶¶ 11-12, 14 (Capital One Financial's "action to deny Plaintiff access to… credit…. based solely on his income constitutes an adverse action under ECOA"). However, in response to the Motion, Plaintiff pivots and instead asserts that Capital One Financial's

1

violation instead falls under 15 U.S.C. § 1691(a)(3), which provides that, "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction…because the applicant has in good faith exercised any right under this chapter." *See* 15 U.S.C. § 1691(a)(3), *see also* [Doc. 23, p. 8-9]. To establish a claim under § 1691(a)(3), a Plaintiff must allege: (1) the defendant is a creditor; (2) the plaintiff is a member of a protected class; (3) the plaintiff was an applicant for credit; (4) the plaintiff was qualified for the credit sought; (5) the plaintiff in good faith exercised a protected right under ECOA; and (6) the defendant retaliated against plaintiff by taking an adverse action in response to the exercise of the protected right.[1] *Gorham-DiMaggio v. Countrywide Home Loans, Inc.* 592 F. Supp. 2d 283 (N.D.N.Y. 2008), *aff'd*, 421 Fed. Appx. 97 (2d Cir. 2011) (Court of Appeals affirming dismissal of ECOA, 15 U.S.C. § 1691(a)(3) claim under Rule 12(b)(6) for complaint's failure to sufficiently plead that plaintiff was a credit applicant); *Gaddy v JPMorgan Chase Bank*, 1:23-CV-00660-JPB-RGV, 2023 WL 4048448, at *2 (N.D. Ga. May 1, 2023), report and recommendation adopted sub nom. *Gaddy v JP Morgan Chase Bank*, 1:23-CV-00660-JPB, 2023 WL 7459268 (N.D. Ga. May 22, 2023) (holding that the plaintiff failed to plead retaliatory conduct by the defendant in response to plaintiff exercising a protected right under ECOA and dismissing 15 U.S.C. § 1691(a)(3) claim under Rule 12(b)(6)); *Lundahl v Gross*, 5:18-CV-05090-LLP, 2020 WL 927650, at *8 (D.S.D. Feb. 26, 2020), *aff'd*, 857 Fed Appx 883 (8th Cir 2021), and *aff'd*, 857 Fed Appx 883 (8th Cir 2021) (dismissing complaint for violation of 15 U.S.C. § 1691(a)(3) under Rule 12(b)(6) for failure to plead facts, aside from legal conclusions, of retaliatory conduct in response to the alleged exercise of a protected right under ECOA); *First Fid. Bank, N.A., New Jersey v Best Petroleum,*

---

[1] Under ECOA, an "adverse action" means a "denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." *See* § 1691(d)(6).

*Inc.*, 757 F Supp 293, 296 (S.D.N.Y. 1991) ("a party must be a member of a protected class in order to assert a claim under the ECOA").

Here, the Amended Complaint fails to plead the elements of a plausible claim under ECOA, 15 U.S.C. § 1691(a)(3). Moreover, even in filing the Opposition, Plaintiff fails to present facts which would state a plausible claim if pleaded.

*First*, Plaintiff fails to allege facts in either the Amended Complaint or even in the Opposition that Defendants are creditors covered by ECOA. Plaintiff cannot allege such facts because neither Defendants are creditors as defined by the statute.

*Second*, Plaintiff fails to plead that he is a member of a protected class, which is a requirement for any claim under ECOA. [Doc. 23, *generally*].

*Third*, Plaintiff *does not and cannot* establish he was an "applicant" for credit, a necessary element under ECOA. Rather, the Amended Complaint only alleges Plaintiff "attempted to apply" for a pre-approval for a credit card. *See* Doc. 15, ¶¶ 11, 15. Indeed, even in the Opposition, Plaintiff confirms that he only "engaged in a pre-approval process," which is not covered under ECOA. [Doc.23, p. 12]; *Sifuentes v Capital One*, 2:22-CV-00190-JCB, 2023 WL 3284991, at *4 (D. Utah May 4, 2023), motion for relief from judgment denied, 2:22-CV-00190-JCB, 2023 WL 4052733 (D. Utah June 16, 2023), and *aff'd*, 23-4088, 2023 WL 6060382 (10th Cir. Sept. 18, 2023), *reconsideration denied*, 2:22-CV-00190-JCB, 2023 WL 6849278 (D. Utah Oct. 17, 2023), and *aff'd*, 23-4088, 2023 WL 6060382 (10th Cir Sept. 18, 2023) (dismissing *pro se* complaint and holding that a plaintiff's submission of information for a "pre-approval" of a Capital One credit card product does not constitute an "application" under the statutory framework of ECOA).

*Fourth,* in neither the Amended Complaint nor the Opposition does Plaintiff plead facts that he was otherwise qualified for the credit cards he sought.

3

*Fifth,* in neither the Amended Complaint nor the Opposition does Plaintiff plead any facts as to how Plaintiff exercised a protected right under ECOA.

*Sixth,* in neither the Amended Complaint nor the Opposition does Plaintiff allege with supporting facts how Defendants conducted a retaliatory adverse action against him in response to his exercise of an ECOA protected right, nor that Defendants alleged retaliatory conduct was motivated by Plaintiff's exercise of his ECOA rights.

Accordingly, for the reasons set forth in Defendants' initial moving submission and those further set forth here, Plaintiff fails to state a claim under both § 1691(a)(1) and (3) and Plaintiff's ECOA cause of action should be dismissed in its entirety and with prejudice.

### B.     The Opposition Fails to Address the Pleading Deficiencies of Plaintiff's TILA Claim.

With respect to Plaintiff's TILA claim, the Opposition similarly pivots from the allegations asserted in the Amended Complaint to allege instead that Defendants violated an implementing regulation of TILA, specifically, 12 C.F.R. § 1026.60(a), known as Regulation Z. [Doc. 23, p. 11]. However, this subpart of Regulation Z consists of "Special Rules Applicable to Credit Card Accounts and Open-end Credit Offered to College Students." *See* 12 CFR §§ 1026.51 to 1026.62. Here, neither in the Amended Complaint nor in the Opposition does Plaintiff allege status as a college student. [Doc. 23, *generally*]. Accordingly, this regulation appears inapplicable to Plaintiff. Moreover, Plaintiff does not allege the existence of any credit or loan to implicate a Regulation Z or TILA violation. *See United States v. McCray,* 7 F.4th 40, 45-46 (2d Cir. 2021) (holding that TILA only applies when a party is "offered or extended" credit). Accordingly, Plaintiff's TILA claim should be dismissed.

4

## **CONCLUSION**

For these foregoing reasons, as well as those set forth in Defendants initial moving submission, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety and with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and further award Defendants such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 3, 2025

Respectfully submitted,

By: */s/ Bennet J. Moskowitz* _____
    Bennet J. Moskowitz
    (CT Bar # 437932)
    Stephen J. Steinlight
    (Pro Hac Vice Application Pending)
    TROUTMAN PEPPER LOCKE LLP
    875 Third Avenue
    New York, NY 10022
    (212) 704-6008
    Stephen.Steinlight@Troutman.com

    *Attorneys for Defendants Capital One Financial Corporation and Andrew M. Young*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of February, 2025, I caused to be electronically filed with the Clerk of the Court using the CM/ECF system the foregoing document, and sent, via FedEx Overnight Mail, to the following party.  Service of the foregoing was within the time prescribed by the Rules of the Court.

>Laguerre Lensendro
>*Plaintiff*
>26 Broad St. Apt. 4
>Norwalk, CT 06851

>**TROUTMAN PEPPER LOCKE LLP**
>
>By: */s/ Bennet J. Moskowitz*
>     Bennet J. Moskowitz
>     Stephen J. Steinlight
>
>*Attorneys for Defendants Andrew M. Young and Capital One Financial Corporation*

.