IN THE UNITED STATES DISTRICT COURT OF CONNETICUT

LENSENDRO LAGUERRE

Case NO: 3:24-cv-01760

V

CAPITAL ONE



### OJECTION TO DEFENDANTS MOTION TO DISMISS

Defendant says that my Second Amended Complaint fails as a matter of law for the same reasons the Court identified in dismissing my prior pleading. That's incorrect. My Second Amended Complaint does not fail as a matter of law, and the issues the Court identified in the earlier pleading have been properly addressed.

Defendant claims I did not, and cannot, plead that I applied for credit with Capital One. That is false. See lines 11 through 15 of Document 32, Page 3 of 9, where I clearly state that I visited Capital One's website and submitted my information as required by their process, and was stopped after they reviewed it. That is a credit request.

Under the Code of Federal Regulations, an "applicant" means "any person who requests or who has received an extension of credit from a creditor." (12 C.F.R. § 1002.2(e)). I made a request for credit. That means, by law, I am an applicant. This is not up for interpretation, the definition is clear.

Next, Defendant says Capital One is not a creditor under the statute. That's also incorrect. A creditor is "a person who regularly extends, renews, or continues credit." (12 C.F.R. § 1002.2(l)). Capital One offered nine separate credit products through its website, all of which are forms of open-end consumer credit. So yes they're a creditor. The fact that I used their platform and they processed my credit request confirms that.

And there's more proof. In Exhibit C of Document 32, Page 7 of 9, Capital One sent me a written denial. The letter says:

"Unfortunately, we can't approve you for a Capital One Quicksilver Rewards Card… because your income is insufficient for the amount of credit requested."

That line alone proves two things:

(1)I requested credit & (2)Capital One processed my request and denied it.

So again I did apply for credit. I did follow their procedures. And they did act as a creditor.

Moreover, the regulations define an application as "an oral or written request for an extension of credit that is made in accordance with procedures used by a creditor for the type of credit requested." (12 C.F.R. § 1002.2(f)). I used their procedures. I didn't have a say in how the process works, for Capital One controls it. If their system puts me through a pre-approval or screening process before letting me complete a full form, that's still their procedure. I followed it. I requested credit. I was denied. That's an application, and I am an applicant.

So the argument that I failed to plead these things is not only wrong but it's contradicted by the very documents and definitions this Court is bound to recognize. My Second Amended Complaint is legally sound, factually supported, and procedurally proper. It should not be dismissed, and certainly not with prejudice.

Defendant states that "on a motion to dismiss under Rule 12(b)(6) of the FRCP, a court must first assume the truth of the factual allegations of the complaint and make all reasonable inferences in favor of the plaintiff." (See Document 33-1, page 8 of 14).

I agree. And so, I intend to show the Court that what I am alleging is in fact true. I will do that by referring to 15 USC 77b. More on that later in this brief.

Defendant also states that the court must then determine "whether the well-pleaded factual allegations plausibly give rise to an entitlement to relief." (See same page, citing Iqbal). Again, I agree. And I will show that the credit I was requesting had nothing to do with income, and that Capital One's use of income as a screening factor was improper and discriminatory under ECOA. My allegations don't merely suggest the possibility of relief — they establish a plausible and lawful basis for it under the statute.


Defendant uses Page 9 of 14 doc 33-1 of its memorandum to stack catchphrases, strung together from case law, without ever bothering to explain how those phrases apply to my actual complaint. The Court is asked to dismiss my claims based on vague accusations with no connection to the record. So let's examine their argument line by line from bottom to top and ask the only question that matters: What is the Defendant even talking about?

Counsel says "A party's status as a pro se litigant does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." Sure I agree, but then again, where exactly did I fail to comply? Defendant never says. There is not a single citation to a procedural rule I violated, nor a reference to any substantive legal standard I failed to meet. So again, what exactly is Defendant talking about?

Preceding the aforementioned statement Counsel said "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" that may be true, but where in my complaint? What did I write that is conclusory? What specific paragraph or line? Defendant doesn't identify even one. They just regurgitate like it means something. If my statements are conclusory, shouldn't Defendant be able to quote at least one? What are they talking about?

And before that Counsel said "[c]conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" and that is fine, but again, where is that in my pleading? What conclusory allegation and legal conclusion am I pretending is a fact? Defendant gives zero explanation. No quote. No line number. No example. Is this a motion to dismiss or just a list of abstract warnings? Because nothing here is tied to what I filed.

And Counsel also said ""a plaintiff cannot…defeat a motion to dismiss with conclusory allegations, unwarranted speculation, unsupported deductions, or legal arguments cast as factual pleadings" BUT where? What deduction of mine is unsupported? What factual assertion is speculative? What legal argument am I disguising? This is an entire paragraph of accusation with no foundation. If this were coming from a first-year law student, I'd still expect more than just accusations without evidence. What is the Defendant talking about?

And at the top of the page counsel says my "Right to relief must be raised above the speculative level." And it is. My request for credit is not speculative. It's documented. My denial is not speculative. It's documented, and Capital One gave the reason: insufficient income. See Exhibit C, Document 32, Page 7 of 9. These aren't ideas. They're events. See also Lines 11–15 and 17–26, Document 32, Pages 3–4 of 9. If that's "speculative," then what would Defendant accept as "real"? Do they think Exhibit C is imaginary?

Counsel says "Facts that are merely consistent with liability don't show plausibility." What I submitted isn't merely "consistent" ; it proves contact, denial, and harm. That letter from Capital One isn't just background noise, it is the transaction. So again what is the Defendant talking about? What more could possibly be required to plead plausibility than a documented denial of credit based on income?

Counsel says "A formulaic recitation of elements will not do."

And I didn't recite anything. I told the Court what happened step by step. Who, what, when, how, and why. And I attached proof. I did exactly what Twombly, Iqbal, and Rule 8 require. Is Defendant asking this Court to pretend the exhibits don't exist?

Let's be honest here Page 9 of Defendant's brief isn't an argument it's a copy-and-paste job. There's no analysis, no engagement with my facts, no rebuttal of the evidence. The Court is being asked to dismiss my complaint based on legal sound bites that don't even pretend to apply to the record. That's not how Rule 12(b)(6) works. The burden is on the moving party to show the complaint is deficient. Defendant didn't meet that burden — because they didn't even try.

And lastly counsel for defendants says "For the reasons set forth herein, the Amended Complaint cannot withstand a motion to dismiss under the standards set forth in Twombly and Iqbal and should be dismissed with prejudice under Rule 12(b)(6)."

What reasons? Where are they? From pages 8-10 of 14 , Defendant has done nothing but copy quotes from without ever showing how they apply to me. Defendant says that my complaint is deficient, yet they never point to a single specific line that is conclusory, speculative, or formulaic.

If their position is so strong, why haven't they identified the parts in my complaint that violates Rule 8 or fails the Iqbal test? How can the Court possibly dismiss my complaint "for the reasons set forth" if those reasons were never actually set forth?

Dismissal with prejudice should only happen when a plaintiff had no facts, no claim, and no chance. But here, I've provided such

Defendant begins Part II by stating that I failed to allege facts showing Capital One is a "creditor" or that I am an "applicant" under the Equal Credit Opportunity Act (ECOA), and concludes that my claim is "futile as a matter of law because plaintiff never applied for credit with Capital One."

That statement is not only false, but it also contradicts the plain language of both the ECOA statute itself and its implementing regulation, Regulation B.

Under the statute, 15 U.S.C. § 1691a(b), an "applicant" is defined as:

*"Any person who applies to a creditor directly for an extension, renewal, or continuation of credit…"*

The regulation reinforces and expands that scope. Under 12 C.F.R. § 1002.2(e):

*"Applicant means any person who requests or who has received an extension of credit from a creditor."*

In both definitions, the key action is the request. I requested credit. Capital One processed that request and rendered a decision. That makes me an applicant both under the statute and under the regulation.

Exhibit C, Document 32, Page 7 of 9, contains Capital One's denial, which states:

*"Unfortunately, we can't approve you for …. because your income is insufficient for the amount of credit requested."*

A person cannot be denied a credit amount they never requested. The denial itself is direct proof that I made an application and that Capital One received and reviewed it. I followed their process to request their product. That is exactly what the Act calls an applicant.

Under 12 C.F.R. § 1002.2(f):

*"Application means an oral or written request for an extension of credit that is made in accordance with procedures used by a creditor for the type of credit requested."*

This is critical because the request must be made "in accordance with procedures used by a creditor." Capital One defines that procedure through its online system — and I followed that procedure.

I had no control over how their website is structured. If they choose to place a "pre-approval" mechanism before showing a full application form, that is still part of their process, and I complied with it. Whether Capital One chooses to classify my submission as a "pre-approval request" is irrelevant; the law doesn't care what they call it. The law looks at what I did: I requested credit, and they evaluated and denied it. That's an application.

Under 15 U.S.C. § 1691a(e), a "creditor" is:

*"Any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit."*

And 12 C.F.R. § 1002.2(l) defines a creditor as:

5

*"A person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of the credit."*

Capital One openly markets multiple open-end credit products, regularly solicits applications from the public, and makes credit determinations using their automated systems. In my case, they reviewed my financial data and rejected my request based on income. That is a credit decision. That is regular participation. That is creditor behavior, under both the statute and the regulation.

The defense closes the opening paragraph by claiming that my claim

*"under ECOA is futile as a matter of law because plaintiff never applied for credit with Capital One."*

But such ignores Ignores Capital One's own written denial; Contradicts both the statutory and regulatory definitions of applicant and application;

If no application was submitted, what was reviewed? If no applicant existed, who was denied? If Capital One was not a creditor, why were they evaluating my income?

Their argument doesn't survive even minimal scrutiny. The record proves that I made a request, they reviewed it, and they denied it. That process is a credit transaction under ECOA. It is subject to the law — and I am protected by it.

In part 2 of the brief Defendant argues that Congress enacted ECOA to protect only certain "protected classes." That is incorrect, for ECOA says:

*"It shall be unlawful for any creditor to discriminate against any applicant with respect to any aspect of a credit transaction."* 15 U.S.C. § 1691(a)

Let's focus on the phrase "any aspect." That language is broad and expansive meaning the law applies to every part of the credit extending process. The word any is not limited to subsections 1, 2, and 3 but rather it is unlimited.

Yes, the statute lists certain categories — like race, sex, and public assistance — but it never says discrimination is limited only to those. The law's structure and purpose say otherwise.

To highlight this principle, we refer to the Supreme Court's ruling in SEC v. C.M. Joiner Leasing Corp., 320 U.S. 344 (1943).

In that case, the sellers argued that their oil lease sales were not subject to the Securities Act because they were not specifically named in the statute. They pointed out that the Act mentions "fractional undivided interest in oil, gas, or other mineral rights", but their sales involved divided parcels of land, not fractional shares.

To support their argument, they invoked "the ancient maxim 'expressio unius est exclusio alterius' to exclude sales of leasehold subdivisions by the acre because the statute expressly includes sales of leasehold subdivisions by undivided shares." (*Joiner*, 320 U.S. at 350)

But the Court rejected that logic. It explained that such rules of interpretation, even ancient ones, are not controlling when they would defeat the purpose of the law. Instead:

"Courts will construe the details of an act in conformity with its dominating general purpose... [and] interpret the text so far as the meaning of the words fairly permits so as to carry out in particular cases the generally expressed legislative policy." (*id.* at 350–351)

The Court added that the statute did not "immunize other forms of contracts and offerings which are proved as matter of fact to answer to such descriptive terms as 'investment contracts' and 'securities.'" (*id.* at 352)

In other words the sellers tried to say, "we're not listed, so we're not included."
But the Court said: That's not how it works. If what you're selling functions like a security, and if it fits within the purpose of the Securities Act, then it is a security—even if it's not named word-for-word in the statute. That's what the Court held in *Joiner*, and that's the same principle that applies here.

Now apply that reasoning to ECOA, the purpose of ECOA is to stop discriminatory credit practices. But the defendant wants this Court to believe that the only forms of discrimination that matter are the ones listed in subsections (1), (2), and (3) of 15 U.S.C. § 1691(a). That is the exact same mistake the sellers made in *Joiner* — they tried to limit the statute's reach to only the words on the page, ignoring the function and purpose of what was happening in reality.

Just because race, sex, and public assistance are listed, that does not mean all other forms of unfair discrimination are excluded. The statute never says the list is exhaustive. And as the Supreme Court made clear in *Joiner*, just because something isn't named specifically

doesn't mean it falls outside the law — especially when it clearly fits the purpose of the statute.

ECOA was not written to protect a list. It was written to protect people. If this Court limits ECOA only to subsection (1), (2), or (3), it would do exactly what the Supreme Court warned against in *Joiner* — using a narrow reading to defeat a broad remedial purpose.

The law's purpose controls its meaning. And the purpose of ECOA is to prevent Discrimination If it looks like discrimination, if it feels like discrimination, stopping an applicant from accessing credit based on arbitrary or unjust factors then it is in fact discrimination.

Now we return to where this argument began. Earlier in this brief, I referenced 15 USC 77b.Now I'm going to explain why it matters here. In the paragraph that precedes I said "stopping an applicant from accessing credit based on arbitrary factors is in fact discrimination, and unlike counsel for the defendant who quotes caselaw, after caselaw without showing how they apply or actually explaining there relevance of the cases cited I will do the opposite. Now let's talk about the transaction under the ECOA and the securities act.

Under the ECOA in the CFR an applicant is defined as someone who is requesting credits and an application is defined as an request for credit whether it is oral or written

At first glance it appears as if I am asking favor from capital one when requesting credit, and they have to mitigate risk but that is really not the case. And it seem stat is the assumption their counsel wants this Court to adopt. But that assumption collapses once we understand what the law actually says.

What is happening in reality is a sale, a sale of securities where Capital One Purchases my application but don't take my word for it let's take a look at what a security, an offer, and a sale is under the securities act. The term "security" means any note, evidence of indebtedness, investment contract, any interest, or instrument commonly known as a "security" 15 U.S.C. § 77b(a)(1)

Now the question to ask is what makes the application a security? Well for starters its akin to a note is a promise to repay which make it a financial asset

2nd its also evidence of indebtedness for two reasons,

reason number 1: Under 20 CFR 422.104 Who can be assigned a social security number.

subsection (a) Persons eligible for SSN assignment. We can assign you a social security number if "you" meet the evidence requirements in § 422.107"

And the term "You" is defined to mean "an individual who owes a debt to the United States" 20 CFR § 422.402

now the regulation says i owe a debt to the U.S and then 15 USC says a security is any evidence of indebtedness and it uses the word any which encompasses all evidence its not specific And the card is in my possession with my name on it and so its an evidence of indebtedness now i put that number on the application and the application becomes an evidence of indebtedness.

Reason #2 I make application promising to pay whatever amount I request or that i have been granted, that in itself is another form of evidence of indebtedness akin to a note where I am promising to pay.

I earlier mentioned financial asset but my promise to repay is not the main reason it's a security under UCC 8-102(9) Financial asset, " means: (i) a security. And we established that evidence of indebtedness are securities and such is an instrument which is commonly known as a "security", and as the issuer I have an interest in that security i just issued for which the statute says that interest is a security initself.

Now i think we have indisputably established that the application is a security! Now lets see what happens the securities act say when I submit or present the application.

"Any security given or delivered with, … any other thing, shall be conclusively presumed to constitute a part of the subject of such purchase and to have been offered and sold for value" and "The term "sale" or "sell" shall include every contract of sale or disposition of a security" 15 USC 77b(a)(3)

So what is happening here? Whenever I submit an application Capital one is purchasing my application for its value; My income is not related, the statute is unequivocally clear stating that whenever i give capital 1 a security and anything that that accompanies such security is a sale for the value received;

"Any security given or delivered with, [or as a bonus on account of, any purchase of securities or] any other thing, shall be conclusively presumed to constitute a part of the subject of such purchase and to have been offered and sold for value" 15 USC 77b(a)(3)

And whenever Capital One sends me those pre approval forms or directs me to its websites to make an application in regular contract law this would be seen as an invitation to treat but under the securities act such is construed to be an offer; "offer" shall include... solicitation of an offer to buy, a security". 15 USC 77b(a)(3)

So again why does my income matter when Capital One is purchasing my security?

It doesn't. Income here is not being used to measure risk. It's being used as a gatekeeping device to prevent the sale from happening at all — to block the transaction before the contract can even form. The law clearly defines the application as a security and the submission of it as a sale then filtering out applicants based on income alone, before the sale is completed, becomes not just arbitrary, but unlawful

In document 32 I explained why income was irrelevant but I'll reiterate again the application is a security, and upon approval, derivative securities such as the credit card statements can be issued. Income is irrelevant because the obligation incurred can be satisfied by the same derivative instrument issued to the supposed debtor. Attached to such a statement is a security a coupon. The statement itself is a security. It evidences indebtedness. The coupon can be issued, and that coupon can be taken and turned into an order to pay, which can be tendered to satisfy the account.

We've just established that under 15 U.S.C. § 77b(a)(3), a sale includes *"every disposition of a security"*, and that a solicitation of an offer to buy is treated under the statute as an offer. So in essence, when Capital One issues me a statement saying I owe an amount, what they're really doing is making an offer for me to sell them another security.

There are two ways I can respond. I can either give them Federal Reserve notes or another form of recognized currency, or I can take the same security they issued me, convert it into a negotiable instrument, and tender it back to them as a form of payment. We can call that a tender, but under 15 USC 77b(a)(3) that is a sale.

So the question must be asked again: What does my income have to do with me selling a security to Capital One?

Respectfully Submitted. *Laquerr Lusendrw*
05/27/2025

10

## Certificate of Service

I, Laguerre Lensendro, hereby certify that on this 27th day of May 2025, a true and correct copy of this Amended Complaint" was served upon counsel for Defendants by certified mail, return receipt requested at the following address:

Bennet J. Moskowitz

TROUTMAN PEPPER HAMILTON SANDERS LLP

875 Third Avenue New York,

New York 10022

Respectfully

Laguerre Lensendro

05/27/2025

Case 3:24-cv-01760-AWT    Document 34    Filed 05/29/25    Page 12 of 14

Case 3:24-cv-01760-AWT    Document 34    Filed 05/29/25    Page 13 of 14



USPS UNITED STATES POSTAL SERVICE®

93300006
6" x 9" Envelope

1PJE2150 • AIC-093
Product Code 93300006
www.usps.com
the United States Postal Service®
MADE IN THE U.S.A.

0 15645 72738   00