## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LENSENDRO LAGUERRE,<br><br>  Plaintiff,<br><br>  v.<br><br>CAPITAL ONE BANK,<br><br>  Defendant. | Case No. 3:24-cv-01760 |

## DEFENDANT CAPITAL ONE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**TROUTMAN PEPPER LOCKE LLP**
Bennet J. Moskowitz (CT Bar # 437932)
Stephen J. Steinlight (Admitted *Pro Hac Vice*)
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Stephen.Steinlight@Troutman.com

*Attorneys for Defendant Capital One , N.A.*

Case 3:24-cv-01760-AWT    Document 35    Filed 06/10/25    Page 2 of 7


## TABLE OF CONTENTS

Page

LEGAL ARGUMENT ................................................................................................................. 1

I.   PLAINTIFF'S OPPOSITION FAILS TO ADDRESS THE INCURABLE PLEADING DEFICIENCIES OF PLAINTIFF'S ECOA CLAIM. .................................. 1

   A.   Plaintiff's ECOA Claim Must be Dismissed Because Plaintiff Does Not Plead and Cannot Plead that He Submitted an Application for Credit with Capital One. ........................................................................................................ 1

   B.   Plaintiff's ECOA Claim Must be Dismissed Because Plaintiff Does Not Plead He Is a Member of Protected Class. ............................................................ 2

CONCLUSION .............................................................................................................................. 3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Powell v. Am. Gen. Fin. Inc.*,
   310 F. Supp. 2d 481 (N.D.N.Y. 2004) ......................................................................................2

*Sifuentes v Capital One*,
   2:22-CV-00190-JCB, 2023 WL 3284991 (D. Utah May 4, 2023) ........................................1, 2

**Statutes**

ECOA ........................................................................................................................................1, 2, 3

**Other Authorities**

12 C.F.R. 202.6(b)(5) .......................................................................................................................3

12 C.F.R. § 1002.2(f) .......................................................................................................................2

Federal Rules of Civil Procedure Rule 12(b)(6) ...........................................................................1, 3

ii

Defendant Capital One, N.A. (improperly pleaded as "Capital One Bank") ("Capital One"), by and through its legal counsel, Troutman Pepper Locke LLP, respectfully submits this Reply Memorandum of Law in further support of Capital One's Motion to Dismiss the Second Amended Complaint (the "Motion") [Doc. 33] of Plaintiff Lensendro Laguerre ("Plaintiff"). For the reasons set forth in Capital One's initial moving submission and those further set forth herein, the Court should grant Capital One's Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and dismiss Plaintiff's Second Amended Complaint, in its entirety and with prejudice, and award Capital One its legal fees and costs and such other relief as the Court deems just and proper.

## LEGAL ARGUMENT

**I.  Plaintiff's Opposition Fails to Address the Incurable Pleading Deficiencies of Plaintiff's ECOA Claim.**

**A.  Plaintiff's ECOA Claim Must be Dismissed Because Plaintiff Does Not Plead and Cannot Plead that He Submitted an Application for Credit with Capital One.**

Plaintiff's ECOA claim fails as a matter of law because Plaintiff <u>never</u> submitted a completed application for credit with Capital One. In his own pleadings Plaintiff admits he was only a pre-applicant. *See* Doc. 32 at ¶ 15, Ex. C[1]; *Id*. at ¶ 11 (alleging Plaintiff "visited the official Capital One website to *request* credit") (emphasis added); *Id.* at ¶ 14 (alleging Capital One "did not allow [Plaintiff] to proceed further" with completing an application for credit); *Id.* at ¶ 18 (alleging Capital One "*precluded* [Plaintiff] *from completing an application(s)* because of [his]

---

[1] Annexed by Plaintiff as Exhibit C to Plaintiff's Second Amended Complaint is an August 13, 2024 letter from Capital One notifying Plaintiff that Capital One "can't pre-approve you for a… credit card... Here are the reasons why we couldn't match you with an offer: Based on your Pre-Approval form information, income is insufficient for amount of credit requested." *See* Doc. 32, p. 7.

1

income") (emphasis added); Doc. 34, p. 2 (alleging Capital One "put [Plaintiff] through a pre-approval or screening process before letting [Plaintiff] compete a full form…")

In his Opposition, Plaintiff cites 12 C.F.R. § 1002.2(f) to claim he submitted an "application" to Capital One under ECOA's regulatory framework. *See* Doc. 34, p. 2. The same regulation, however, defines an "application" as, "A *completed application* means an application in connection with which a creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested." 12 C.F.R. § 1002.2(f) (emphasis in original).

Plaintiff's partial pre-application *does not* constitute a completed application for credit as contemplated by ECOA and the implementing regulation. *See Sifuentes v Capital One*, 2:22-CV-00190-JCB, 2023 WL 3284991, at *4 (D. Utah May 4, 2023), motion for relief from judgment denied, 2:22-CV-00190-JCB, 2023 WL 4052733 (D. Utah June 16, 2023), and affd, 23-4088, 2023 WL 6060382 (10th Cir. Sept. 18, 2023), reconsideration denied, 2:22-CV-00190-JCB, 2023 WL 6849278 (D. Utah Oct. 17, 2023), and affd, 23-4088, 2023 WL 6060382 (10th Cir Sept. 18, 2023) (distinguishing a submission of information for a "pre-approval" of a Capital One credit card product from an "application" under the statutory framework of ECOA). Accordingly, Plaintiff has not (and cannot) plead the necessary elements of an ECOA claim and the Court should dismiss the Second Amended Complaint with prejudice.

  **B.** **Plaintiff's ECOA Claim Must be Dismissed Because Plaintiff Does Not Plead He Is a Member of Protected Class.**

In his Opposition, Plaintiff's contends that he was discriminated against on the basis of his income. *See* Doc. 34, *generally.* As set forth in Capital One's motion, ECOA does not prohibit the denial of credit on the basis of income. *See Powell v. Am. Gen. Fin. Inc.,* 310 F. Supp. 2d 481, 488 (N.D.N.Y. 2004) (dismissing plaintiff's ECOA claim finding that Defendants' reliance on

2

indicators of creditworthiness, such as credit histories and income levels of applications, were "legitimate reasons" for rejecting Plaintiff's application). Moreover, the very regulation Plaintiff cites to in his Opposition expressly allows for creditors to deny applications based on income. *See* Doc. 34, pp. 5-6, *see also* 12 C.F.R. 202.6(b)(5) ("…a creditor may consider the amount and probable continuance of any income in evaluating an applicant's creditworthiness…"). Accordingly, Plaintiff fails to plead the elements required to state a claim under ECOA and the Second Amended Complaint should be dismissed with prejudice.

## CONCLUSION

For these reasons, Capital One respectfully requests the Court dismiss the Second Amended Complaint in its entirety and with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and further award Capital One such other and further relief as this Court deems just and proper.

Dated:  New York, New York           Respectfully submitted,
       June 10, 2025


                                               By:     */s/ Bennet J. Moskowitz* _____
                                               Bennet J. Moskowitz (CT Bar # 437932)
                                               Stephen J. Steinlight (Admitted Pro Hac Vice)
                                               TROUTMAN PEPPER LOCKE LLP
                                               875 Third Avenue
                                               New York, NY 10022
                                               (212) 704-6008
                                               Stephen.Steinlight@Troutman.com

                                               *Attorneys for Defendant Capital One, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of June, 2025, I caused to be electronically filed with the Clerk of the Court using the CM/ECF system the foregoing document, and sent, via FedEx Overnight Mail, to the following party. Service of the foregoing was within the time prescribed by the Rules of the Court.

>Laguerre Lensendro
>*Plaintiff*
>26 Broad St. Apt. 4
>Norwalk, CT 06851

>**TROUTMAN PEPPER LOCKE LLP**
>
>By: */s/ Bennet J. Moskowitz*
>   Bennet J. Moskowitz
>   Stephen J. Steinlight
>
>*Attorneys for Defendant Capital One, N.A.*

.

4