**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------ x
LAGUERRE LENSENDRO,            :
                               :
         Plaintiff,            :
                               :
v.                             :   Civil No. 3:24-cv-1760 (AWT)
                               :
CAPITAL ONE BANK FINANCIAL     :
CORPORATION,                   :
                               :
         Defendant.            :
                               :
------------------------------ x
```

**RULING ON MOTION TO DISMISS**

Pro se plaintiff Laguerre Lensendro ("Lensendro") has filed a one-count Second Amended Complaint (ECF No. 32) against defendant Capital One Bank ("Capital One"), claiming violation of the Equal Credit Opportunity Act (the "ECOA"), codified as amended at 15 U.S.C. §§ 1691 et seq.. The defendant has moved to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion to dismiss is being granted.

**I. FACTUAL ALLEGATIONS**

The court must accept as true the factual allegations in the Second Amended Complaint for purposes of testing its sufficiency. See Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir. 1997). It contains the following factual allegations.

"On August 13, 2024, [the plaintiff] visited the official

-1-

Capital One website to request credit." Second Am. Compl. ¶ 11. The plaintiff "was asked to provide certain personal information, including [his] income." Id. ¶ 12. The plaintiff "followed the instructions and submitted the information they requested." Id. ¶ 13. "After submitting information required, Capital One did not allow [him] to proceed further." Id. ¶ 14. The plaintiff "later received a letter from Capital One stating that [his] income was insufficient for the credit requested." Id. ¶ 15. "The letter list[ed] numerous Capital One open-end consumer credit plans for which [the plaintiff] was denied access." Id. ¶ 16. The plaintiff's applications for those open-end consumer credit plans "was rejected . . . because [his] income was insufficient." Id. ¶ 17. "Exhibit C" attached to the Second Amended Complaint appears to be an August 14, 2024 letter from Capital One to the plaintiff. The letter states:

> We're writing in response to your online request for pre-approval, submitted on August 13, 2024.
>
> Unfortunately, we can't pre-approve you for a Capital One Quicksilver Rewards credit card, SavorOne Rewards credit card, Venture Rewards credit card, VentureOne Rewards credit card, Quicksilver Rewards for Good Credit credit card, [etc.]. . . . Rest assured, the form you filled out online was not a credit card application and your credit score was not affected.
>
> Here are the reasons why we couldn't match you with an offer:
>
> Based on your Pre-approval form information, income is insufficient for amount of credit requested[.]

Second Am. Compl. (Pl. Ex. C) at 7.

**II. LEGAL STANDARD**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

"Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its

face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Additionally, "[i]t is well established that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). Nevertheless, pro se status "does 'not exempt a party from compliance with relevant rules of procedural and substantive law'. . . ." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted). "[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Caidor v. Onondaga County, 517 F.3d 601, 605 (2d Cir. 2008) (italics, internal quotation marks, and citation omitted).

## III. DISCUSSION

The plaintiff's sole claim is a claim for violation of 15 U.S.C. § 1691(a). The plaintiff alleges that "Capital One precluded [him] from completing an application(s) because of [his] income, and such was discriminatory" in violation of the

ECOA. Id. ¶¶ 18, 28.

Capital One argues that the Second Amended Complaint should be dismissed because the plaintiff fails to allege, among other things, that he is a member of a protected class. The court agrees.

As explained in the April 14, 2025 ruling dismissing the Amended Complaint (ECF No. 31), the ECOA provides in relevant part that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction":

> (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
>
> (2) because all or part of the applicant's income derives from any public assistance program; or
>
> (3) because the applicant has in good faith exercised any right under this chapter.

15 U.S.C. § 1691(a). A plaintiff seeking to prove a claim under the ECOA may do so "in a manner similar to that used in Title VII discrimination cases". Gross v. U.S. Small Bus. Admin., 669 F. Supp. 50, 52 (N.D.N.Y. 1987), aff'd, 867 F.2d 1423 (2d Cir. 1988). A plaintiff bringing such a claim must set forth factual allegations from which the court may reasonably infer (1) that he or she "belongs to a minority or protected class" or was discriminated against on another prohibited basis, (2) that he or she "applied for and was qualified for a loan," (3) that

despite his or her "qualifications, [he or] she was rejected," and (4) that others "of similar credit stature were given loans, or were treated more favorably than plaintiff in the application process." Id. at 53.

Here, the plaintiff alleges that he was denied the opportunity to apply for a credit card "because of [his] income". Second Am. Compl. ¶ 18. See also Pl.'s Obj. to Def.'s Mot. for Summ. J. (ECF No. 34) ("Pl.'s Objection") at 2 ("Capital One's use of income as a screening factor was improper and discriminatory under ECOA."). The Second Amended Complaint, like the Amended Complaint, does not contain any factual allegations that could show that the plaintiff was denied credit on a prohibited basis. The plaintiff does not allege facts which could show that he was denied credit because of his "race, color, religion, national origin, sex or marital status, or age", see 15 U.S.C. § 1691(a)(1); because all or part of his "income derives from any public assistance program", see 15 U.S.C. § 1691(a)(2); or because he "has in good faith exercised any right" guaranteed by the ECOA, see 15 U.S.C. § 1691(a)(3). Rather, the Second Amended Complaint states that the plaintiff is bringing a claim for "violation of 1691(a) (excluding subsections (1), (2), and (2))." Second Am. Compl. at 4 (emphasis added). But 15 U.S.C. § 1691(a) consists of only three subsections, which together comprise the complete and exhaustive

list of prohibited bases of discrimination under the ECOA.

Moreover, as explained in the court's prior ruling, discrimination on the basis of income is not prohibited by the ECOA. See 12 C.F.R. §§ 202.6(b)(5)-(6) ("a creditor may consider the amount and probable continuance of any income in evaluating an applicant's creditworthiness", as well as her "credit history"); Powell v. Am. Gen. Fin., Inc., 310 F. Supp. 2d 481, 488 (N.D.N.Y. 2004) (noting that creditors' "reliance on indicators of creditworthiness, such as credit histories and income levels of applicants," does not violate the ECOA); Jones v. Ford Motor Credit Co., No. 00-cv-8330 (LMM), 2002 WL 88431, at *4 (S.D.N.Y. Jan. 22, 2002) ("In evaluating whether to extend credit, 'a creditor may consider any information obtained, so long as the information is not used to discriminate against an applicant on a prohibited basis.'" (quoting 12 C.F.R. §§ 202.6(a))); Gross, 669 F. Supp. at 54-55 ("[T]he defendants rightfully considered the plaintiff to be a credit risk" based on their consideration of her "financial statements", "income", and current "debt").

The plaintiff argues in his opposition that applications for credit are securities under 15 U.S.C. § 77b(a)(1) and that his income is irrelevant to Capital One's credit approval decisions. See Pl.'s Objection at 8-10. These arguments are frivolous.

Because the factual allegations in the Second Amended Complaint fail to state a claim upon which relief can be granted and nothing in the plaintiff's papers suggests that he could amend it to state such a claim, this case is being dismissed with prejudice.

**IV. CONCLUSION**

For the reasons set forth above, the defendant's Motion to Dismiss the Amended Complaint (ECF No. 33) is hereby GRANTED and this case is dismissed with prejudice. The Clerk shall close this case.

It is so ordered.

Dated this 10th day of December 2025, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge

-8-