**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- x
LAGUERRE LENSENDRO,              :
                                 :
          Plaintiff,             :
                                 :
v.                               :   Civil No. 3:24-cv-1760 (AWT)
                                 :
CAPITAL ONE BANK FINANCIAL       :
CORPORATION,                     :
                                 :
          Defendant.             :
                                 :
------------------------------- x
```

## ORDER DENYING MOTION TO SET ASIDE JUDGMENT

Plaintiff Laguerre Lensendro moves, pursuant to Rule 60 of the Federal Rules of Civil Procedure, to set aside the judgment entered in this case on January 23, 2026. For the reasons set forth below, the plaintiff's motion under rule 60(b)(ECF No. 38) is hereby DENIED.

The only possible section of Rule 60 pursuant to which the plaintiff could be moving for relief is Rule 60(b)(1). "Rule 60(b)(1) provides, in pertinent part, that a court may relieve a party from a final judgment for 'mistake, inadvertence, surprise, or excusable neglect.'" State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166 (2d Cir. 2004) (quoting Fed. R. Civ. P. 60(b)(1)). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v.

-1-

Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (citations omitted). "The burden of proof is on the party seeking relief." Id. (citation omitted).

The plaintiff's sole claim was a claim for violation of 15 U.S.C. § 1691(a). The plaintiff alleged that "Capital One precluded [him] from completing an application(s) because of [his] income, and such was discriminatory" in violation of the ECOA. Second Am. Compl. (ECF No. 32) ¶¶ 18, 28.

Capital One argued in its Motion to Dismiss that the Second Amended Complaint should be dismissed because the plaintiff failed to allege, among other things, that he is a member of a protected class. The court agreed.

The court reminded the plaintiff that his claim was that he was denied the opportunity to apply for a credit card "because of [his] income[.]" Second Am. Compl. ¶ 18. See also Pl.'s Obj. to Def.'s Mot. for Summ. J. (ECF No. 34) ("Pl.'s Objection") at 2. The court explained to the plaintiff that discrimination on the basis of income is not prohibited by the ECOA. The court cited to a specific provision of the Code of Federal Regulations which states that "a creditor may consider the amount and probable continuance of any income in evaluating an applicant's creditworthiness[,]" as well as his "credit history." 12 C.F.R. §§ 202.6(b)(5)-(6).

In the instant motion, the plaintiff asks the court to

-2-

"take a closer look at the statute and use deductive reasoning." ECF No. 38 at 1. He argues that "[j]ust because a statute or constitutional provision names one category doesn't always mean it intends to exclude others <u>unless</u> there's clear legislative intent or structural context to support that exclusion[.]" <u>Id.</u> at 2. Here, there is a regulation that clearly supports excluding people who seek to bring a claim because a creditor has considered an applicant's income in evaluating the applicant's creditworthiness.

Thus, the plaintiff has failed to identify any mistake, inadvertence, surprise, or excusable neglect, let alone exceptional circumstances, as required for relief to be granted under Rule 60(b)(1). Instead, the plaintiff simply attempts to relitigate the merits of the defendant's motion to dismiss. "A party may not use Rule 60(b) to relitigate matters already resolved by the district court." <u>Bruzzese v. Bondi</u>, 2026 WL 669545, at *2 (2d Cir. Mar. 10, 2026).

Therefore, his motion should be denied.

It is so ordered.

Signed this 23rd day of March 2026, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
